**616·15**

CAUSE NO. PD-0616-15

ORIGINAL

MELVIN LEE SANDERS, III

PETITIONER

VS.

THE STATE OF TEXAS

RESPONDENT

§
§
§
§
§
§
§

IN THE COURT OF CRIMINAL

APPEALS

AT

AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 24 2015

Abel Acosta, Clerk

## PETITIONER'S PRO-SE PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

JUL 24 2015

Abel Acosta, Clerk

MELVIN LEE SANDERS, III

TDCJ-ID- 1931978

2661 FM 2054

TENNESSEE COLONY, Texas 75884

# IDENTITY OF PARTIES AND COUNSEL

HON. John E. Neill
Judge, 18th Judicial District Court
Guinn Justice Center
204 South Buffalo
Cleburne, TX 76033

Dale Hanna
Johnson County District Attorney
Guinn Justice Center
204 South Buffalo
Cleburne, TX 76033

Pia Rodriguez
Trial Counsel
116 W. Randol Mill Road, Suite B
Arlington, TX 76012

David Houston
Appeal Attorney
3 East Henderson Street
P.O. Box 1027
Cleburne, TX 76033

Melvin Lee Sanders, III #1931978
2661 FM 2054
Tennessee Colony TX 75884

# TABLE OF CONTENT

Identity of Parties ................................................. ii

Table of Contents ................................................. iii

Index of Authorities ................................................. IV

Statement Regarding Oral Argument ................................................. V

Statement of Case ................................................. VI

Statement of Procedural History ................................................. VII

Grounds for Relief ................................................. VIII

ONE

"The Court of Appeals (10th) erred in denying Grounds for mistrial when Petitioner Produced evidence of Jury biasness and Jury misconduct" ................................................. 3

TWO

"Do reviewing court's employ several factors to determine if trial court's instructions to disregard Cured Prejudicial effects and if so, did the 10th Court of Appeals err by NOT utilizing this method when reviewing Petitioner's Grounds for mistrial due to impermissible comments of extraneous offenses?" ................................................. 3

Argument ................................................. 1

Prayer for Relief ................................................. 9

Certificate of Service ................................................. 10

Appendix      C Court of Appeals Opinion ................................................. A

# INDEX OF AUTHORITIES

U.S. Const

| | Page |
|---|---|
| 6th amendment | 6 |
| Texas Cases U.S. Const. Art. 1 § 10 | 7 |
| Blackeny V State 2012 WL 5695809 (Tx. App. Waco) | 9 |
| Boyd v. State 202 Sw3d 393 (Tx. App. Dallas 2007 pt Ref'd) | 8 |
| Cardena v. State 305 Sw3d 773 P.D.R. granted 325 Sw3d 179 | 6 |
| Colburn V. State 966 Sw2d 511 (Tx. Cr. App. 1998) | 3,5,7 |
| Delrio v. State 840 Sw2d 443 (Tx. Cr. App. 1992) | 5,7 |
| Fletcher V. State 852 Sw2d 271 (Tx. App. Dallas 1993 pt ref'd) | 9 |
| Hardin V. State 20 Sw3d 84 (Tx. App. Texakana 2000 Pt ref'd) | 8 |
| Ladd v. State 3 Sw3d 547 (Tx. Cr. App. 1999) | 8,9 |
| Mc Farland V. State 928 Sw2d 482 (Tx. Cr. App. 1996 | 6 |
| Morales V. State 253 Sw3d 68 (on Rem. 2008 WL 4941611 P.D.R. Grant. | 6 |
| Music V. State 121 Sw2d 606 (Tx. Cr. 1938) | 8 |
| Owens 2013 WL 657787 (Tx. App. Waco 2013. | 9 |
| Reynolds v. State 294 Sw2d 108 (Tx. Cr. 1956) | 7 |
| Robinson V. State 851 Sw2d 216 (Tx. Cr. App. 1991) | 6 |
| Sams V. State. 64 Sw3d 488 (Tx. App. Texakana ) | 9 |
| Veteto V. State 8 Sw3d 805 (Tx. App. Waco 2000 Pt. ref'd) | 8,9 |
| Waldo V. State 746 Sw2d 750 (Tx. Cr. App. 1988) | 9 |
| Woods v. State 18 Sw3d 642 (Tx. Cr. App. 2000) | 7 |

Rules and Statutes

| | |
|---|---|
| T.R.A.P. 66.3 | 1 |
| C.C.P. 34.1 | 5 |
| C.C.A. Art. 35.22 | 4 |

## STATEMENT OF ORAL ARGUMENT

Petitioner beliefs the forgoing Pleadings are sufficient for review. Oral argument is NOT Requested.

V

## STATEMENT OF CASE

Petitioner was indicted for the criminal offense of aggravated sexual assault of a child. (C.R. Pg.11). Petitioner proceeded to trial in the 18th Judicial District Court and was found guilty by a Jury.

Petitioner elected to have punishment assessed by the trial court and after a hearing on punishment, the trial court found enhancement paragraph # one true and sentenced Petitioner to prison on a life sentence. (C.R. Pg. 96).

## STATEMENT OF PROCEDURAL HISTORY

On the indictment and conviction of aggravated Sexual assault of a child, Petitioner filed his notice of appeal on 7-18-14. (C.R. PG 113). The 10th Court of appeals was designated to review appeal and on May 7, 2015, affirmed the trial Courts Judgement. No motion for rehearing was filed. Petitioner now sought review from this Court (P.D.R.), which the due date to Submit Petition is August 7, 2015.

VI

# GROUNDS FOR RELIEF

## GROUND ONE

" The Court of Appeals (10th) erred in denying Grounds for mistrial when Petitioner Produced evidence of Jury biasness and Jury misconduct."

## GROUND TWO

" Do reviewing Court's employ several factors to determine if trial court's instructions to disregard cured Prejudicial effects and if so, did the 10th court of Appeals err by Not utilizing this method when reviewing Petitioner's Grounds for mistrial due to impermissible comments of extraneous offenses?"

VII

# ARGUMENT

## Reason for Granting Review

Petitioner asserts that review is necessary In accordance to T.R.A.P. 66.3

      (a) court of appeals decision conflicts with another Court of appeals decision on the Same issue.

    and

      (f) court of appeals has so far departed from the accepted and usual course of Judicial Proceedings, as to call for an exercise of the Court of Criminal Appeals Power of Supervision.

## Statement of facts

On the 27th of May, 2014 the defense counsel filed its motion in limine restraining the state and their witnesses from Speaking about any extraneous bad acts, conduct, criminal charges and convictions Concerning the Petitioner until a time where a hearing Could be held to determine relevance and admissibility. See (C.R 44-45).

On June Second (before Voir Dire), the defense reminded the court of its motion in limine and requested that the trial court Grant motion to Prohibit comments from the state and its witnesses about extraneous bad acts, and convictions of Petitioner. The state aGreed to not Go into those issues before and until she approached the bench. See (RRVS: Pg 10, ln 23-25; Pg 11, ln 1-4). The trial court aGreed to this Process and Granted the defenses motion in limine on these Pretenses. See (RRVS: Pg 11, ln 5-7).

On the first day of trial (June 3, 2014), the State Puts their

1.

2nd and 3rd witnesses (Corporal Riess and Liet. Guadet) on the stand and through Questioning, they immediately gave non-responsive comments on extraneous matters of Petitioner's felony warrants In direct violation of the Courts ruling Granting defenses motion in limine and to approach bench before going into those issues. See (RRvb: PG 32-33; RRvb: PG 41-43).

The defense Counsel objected and requested a mistrial. The trial Court struck the comments and instructed the Jury to disregard both non-responsive extraneous comments and denied defense's motion for mistrial. The next day the State called Lieut. Blankenship to testify and again through Questioning, Blankenship issues an non-Responsive comment about Petitioner having a criminal history. Defense Counsel again objected and requested her third motion for mistrial which was denied and the Jury was ordered again to disregard. See (RRV7: PG 24-26).

On direct Appeal, Appellate counsel filed a Motion for new trial. (C.R. PG 40-45-106). As exhibit A, counsel Produced evidence of Jury biasness and Jury misconduct. Juror Mona Grant stated in her affidavit that during deliberation at least one Juror said he was going to Prison anyway because of the warrants. Grant also mentioned that due to all the arguing Pertaining to finding the Petitioner guilty because he was going to Jail any ways and because of Jury misconduct (unrelated), that she changed her verdict from "Not" Guilty to Guilty and regrets from changing her vote and still has reasonable doubt as to Petitioner's Guilt. See (Exhibit A, Motion for New trial(C.R. PG 106). (emphasis added).

The 10th Court of Appeals upon review, concerning if the trial Court erred by not Granting a mistrial for 3 consecutive admittance

2.

of extraneous offenses by Police witness, affirmed the trial court's Judgment citing Colbum 966 Swad 511,520 (Tex. Crim. App 1998) (Presumption that Jurors followed instructions is rebuttable, but appellant did not file a motion for new trial alleging Juror misconduct or obtain a hearing to adduce facts not in the record.).

Petitioner asserts that the trial court erred in not Granting mistrial in light of Proof of Jury misconduct and with Proof that the Judges instructions to disregard did not cure the PreJudicial effects of the extraneous comments. This error has Proved to be highly PreJudicial, disrupted the Jury's orderly evaluation of the evidence, Caused PreJudice to the Jury's decision making and denied Petitioner the right to a fair trial and amounted to a level of PreJudice, enough to undermine the Presumption of innocence.

Upon these contentions, Petitioner seeks this courts Supervision and review of these issues.

## Ground One

"The Court of Appeals (10th) erred in denying Grounds for mistrial when Petitioner Produced (Grounds) evidence of Jury biasness and Jury misconduct"

## Ground Two

"Do reviewing court's employ several factors to determine if trial court's instructions to disregard cured PreJudicial effects and if so, did the 10th court of Appeals err by by 'Not' utilizing this method when reviewing Petitioner's Grounds for mistrial due to impermissible comments of extraneous offenses"

3.

The Petitioner's contentions for both Grounds derive from Art. 35.22 of the Code of criminal Procedures which sets forth the Juror's oath that they would render a true verdict in accordance to the law and evidence, and then the breaking of this oath by deliberating on evidence that was stricken from the record and rendering a verdict contrary to the evidence Presented at trial.

As set out in the statement of facts, through non-responsive testimony, evidence of Petitioner's felony warrants and Prior Convictions was introduced by State's witnesses. The trial Court struck each admission and charged the Jury to disregard the extraneous comments. The results from trial ended in a Guilty Verdict and issue of a life Sentence.

After trial, accompaning Appellate attorney's motion for New trial, Juror Grant filed an affidavit stating amongst other Jury misconduct...

1. That the trial courts instructions to disregard wasn't adhered to because at least one Juror stated "that Petitioner was Going to Jail anyways" when discusing how to vote in deliberation. (emPhasis added), and

2. That due to all the arguing of these (and more) issues while deliberating, she in fact changed her vote from NOT Guilty to Guilty, a Vote that was not her own independant decision and was not based on the evidence adduced from trial. She regrets changing her vote, believed Case would be won on appeal and she still has reasonable doubt as to Petitioners Guilt. (emPhasis added).

Ground one

In denying Petitioner's 3rd, 4th, and 5th Grounds on Appeal for mistrial

4.

denial, the 10th Court of Appeals concluded that because Ms. Grant's affidavit failed to name the juror who made the statement "He's going to jail anyways", while they were deliberating and because there was no indication in the record that the motion for new trial was ever presented to the trial court and no hearing was ever set or held to adduce facts not in the record to expand on Juror Grant's affidavit, that there was nothing on the record to indicate the trial court's instruction did not cure any prejudice associated with the witnesses non-responsive answers. See (Court opin. P. 7). The 10th court of appeals relied on Colburn v State 966 SW2d 511, 520 (1998, Tx. Cr. App) for authority "that presumption that jury followed instruction is rebuttable, but petitioner did not file a motion for new trial alleging juror misconduct or obtain a hearing to adduce facts not in the record" Id.

Petitioner asserts that the Court of Appeals reliance on Colburn, in light of other case law, statutes and the Texas Constitution is misplaced, and outside the zone of reasonable disagreement requiring this courts review.

Article 34.1 of the C.C.P. shows that the appellate record consists of the clerk's records and Reporter's record. The 10th court of Appeal's rationale is refuted by this chapter of Texas statute. Petitioner's motion for new trial was filed with the clerk (C.R. 104), which contained the necessary evidence (Juror Grants affidavit), and regardless of whether it was presented to the trial court or if a hearing was held, this evidence was still present for appellate review, and Juror Grant set forth her biasness and reliance on the forbidden extraneous comments which affected her initial vote.

This Court held in Delrio v. State 840 SW2d 443, 445 (Tx. Cr. App. 1992)

5.

that "when a constitutional claim of Juror Partiality is Properly Preserved for appeal and borne out by the appellate record, the service of even a single Potential Juror will vitiate a conviction". Id. Juror Grant's affidavit set before the court of Appeals revealed three things, 1) that the trial court's instructions to disregard comments on Petitioner's felony warrants wasn't obeyed for at least one Juror wanted to vote Guilty because he was Going to Jail anyways, 2) that due to these discusions, Juror Grant changed her initial vote from Not Guilty to Guilty and 3) that due to Grant issuing a vote based on the improper deliberations, she was not impartial, became bias for not rendering a true verdict based on the evidence at trial.

Under Texas Law bias is defined as an inclination toward one side of an issue rather than to the other. A Juror habors actual bias if her views would prevent or substantially impair performance of her duties and her oath, as in this case. The 10th Court of Appeals erred by not applying these facts in their review. In deliberation, Jurors are not to consider matters outside the record McFarland 928 SW2d 482(Tx. Cr.App.1996), as in this case, and for an accused to have a fair trial Juror's must decide case on basis of evidence Presented at trial Robinson v. State 851 SW2d 216 (Tx. Cr. App. 1991), as we know at least one Juror (Ms Grant) didn't do.

The 10th Court's ruling is in conflict with various levels of legal Jurisprudence. Under the 6th amendment U.S. Const, in every trial the defendant has the right to an impartial Jury. This 6th amendment Promise of an impartial Jury applies to the states. Morales V. State 253 SW3d686, on Remand 2008 WL 4941611(P.D.R. ref'd) and a defendant's right to an unbias Jury is both statutory and consti-tutional in nature. Cardenas V State 305 SW3d773 P.D.R Granted 325 SW3d179.

6.

This court also has long held under <u>Article 1, §10,</u> on the merits that an accused has the right to a fair and impartial trial and that a single Partial Juror will vitiate a Conviction. e.g. <u>Reynolds 163 Tex. Cr. R. 496, 294 SW2d 108 (1956).</u> See also <u>Delrio Supra at 445</u>

## Ground two

The 10th Court of Appeals in its sole reliance on <u>Colburn Supra,</u> departed from the accepted and usual Course of Judicial Proceedings when evaluating whether an trial Courts instructions were sufficient in curing any Prejudicial effects as to call for the exercise of this courts Power of Supervision.

A trial courts denial of a mistrial is reviewed under an abuse of discretion <u>Woods V. State 18 SW3d 642, 648 (Tx. Cr. App. 2000).</u> The trial court is required to grant a motion for <u>mistrial</u> only when the improper Question (comment) is clearly Prejudicial to the defendant and is such character as to suggest the impossibility of withdrawing the impression Produced on the minds of the Jurors. <u>Id.</u>

The trial court was in the best Position to regard the effects of inadmissible extraneous Comments and to evaluate their Prejudicial admittance. The trial court had Just recently Granted the defenses motion in limine on the Pretense that it would be brought before the bench <u>first</u>. See (RRV5: Pg 10, ln 23-25; Pg 11, ln 1-4, ln 5-7). The States failure to admonish there witness and their reluctance to bring issues before the Court even when they believed that the issues would be Presented anyways, shows its Prejudicial character and the desired impossibility of withdrawing the impression from the Juror's mind that Petition was a criminal and had felony Warrants, even after the Courts order to disregard.

7.

The effectiveness of a curative instruction is determined on a case by case basis. See _Veteto v. State 8 Sw3d 805, 811 (Tx. App Waco 2000. Pt. Ref'd)_. In majority of cases, the evidence complained of has little relevance to any material issue in the case, such that a prompt instruction to disregard will ordinarilly cure any prejudicial effect. See _Ladd v. State 3 sw3d 547, 567 (Tx. cr. App 1999)._ However, an instruction to disregard will not cure the error of improperly inserted evidence of an extraneous offense when that evidence establishes exactly what the state is trying to prove. See _Boyd 202 Sw3d 393, 402 (Tx. App. Dallas 2007 Pt. Ref'd)_ citing e.g. _Music 135 Tx. cr. 522, 121 Sw2d 606, 609, 10 (1938)._

It is apparent that the states ignorance of the Court's directive to approach before going into extraneous matters was used to inflame the jury. The Question is essentially one of balancing the magnitude of the probable effect of the comments on the jury against the probable efficacy of an instruction to disregard. See _Hardin v state 20 Sw3d 84, 93 (Tx. App Texarkana 2000 Pt. ref'd)_ The greater the magnitude of the effect, the less likely it is that an instruction would cure the harm. _Id._

Considering the usual practice of the courts, courts weigh several non-exhaustive, non exclusive factors in measuring whether an instruction to disregard will cure the harm on an improper comment which are 1). the weight of other evidence supporting verdict 2) the nature and form of the comment 3). the states purpose and persistence 4) whether other evidence concerning the same subject has been admitted 5) the particular instruction given and 6) the harm to the accused as measured by the severity of the sentence. _Hardin supra at 93._

This method in some degree is utilized in review to determine the effects of curative instructions. See Waldo v. State 746 SW2d 750, 754 (Tx. Cr. APP. 1988); Ladd v. State 3 SW3d 547, 567 (Tx. Cr. APP. 1999) Sams v. State 64 SW3d 488, 493 (Tx. APP. Texarkana No Pt); Vete to v State 8 SW3d 805, 811 (TX. APP. Waco 2000 Pt ref'd); Hecter v State 852 SW2d 271, 275 (TX. APP. Dallas 1993 Pt ref'd). Even the 10th Court of APPeals have utilized these factors before in their reviews. See Owens 2013 WL 657787, 7* (Waco 2013) (N.O.F.P); BlacKeney 2012 WL 5695809, 3* (Waco 2012) (N.O.F.P) and Vete to Supra.

In Conclusion of both Grounds for relief (review), the Paramount issue is whether Petitioner received a fair trial and verdict by an impartial Jury. Therefore the analysis should focus on whether the Juror (ms Grant) was biased as a result of the improper extraneous comments admitted at trial and whether the Court of APPeals in not utilizing Common Practice 'factors' to determine effect of curative instructions has departed from course of Judicial Proceedings.

## PRAYER
Wherefore all Premises considered, Petition Prays that this Court will Grant review on these merits.

Respectfully Submitted
Melvin Lee Sanders III

# CERTIFICATE OF SERVICE

I Melvin Lee Sanders III do certify that a true Copy of the foregoing P.D.R has been delivered by Postal mail to Abel Acosta clerk of Court of Criminal Appeals P.O.Box 12308 Capitol Station Austin TX 78711, and to Dale Hanna D.A and the States Prosecutor and placed in the Prison mailbox on the 20th day of July, 2015.

Signed: Melvin Lee Sanders III

cc/cc

Dale Hanna - Johnson County D.A
Guinn Justice Center
204 South Buffalo
Cleburne, TX 76033

State Prosecutor Attorney
P.O.Box 13046
Austin TX 78711

Melvin Lee Sanders III #1931978
2661 FM 2054
Tennessee Colony TX 75884

16.

APPENDIX - (Court opinion)
"A"



# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00211-CR

**MELVIN LEE SANDERS, III,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the 18th District Court
Johnson County, Texas
Trial Court No. F47748

## MEMORANDUM OPINION

Melvin Lee Sanders, III was convicted of aggravated sexual assault and sentenced to life in prison. *See* TEX. PENAL CODE ANN. § 22.021 (West 2011). The victim of the sexual assault, C.T., was a child under the age of 14 and had been renting a room with her mother from Sanders' mother. One evening, Sanders followed C.T. to a pond at the back of his mother's property. When C.T. tried to return to the house, Sanders forced C.T. into a dump truck and sexually assaulted her. Because there is no longer a "factual sufficiency" review of the evidence, and because the trial court did not err in

admitting the outcry statement and did not err in denying Sanders' requests for a mistrial, the trial court's judgment is affirmed.

In his first issue, Sanders contends that the evidence is "factually insufficient" to support his conviction because "it is so weak as to be clearly wrong and manifestly unjust" and the finding of guilt by the jury "is against the great weight and preponderance of the available evidence." He asks for a remand from this Court for a new trial.

The "factual sufficiency" review enunciated by *Clewis v. State*, 922, S.W.2d 126 (Tex. Crim. App. 1996) and its progeny was overruled as the standard of review for a sufficiency of the evidence challenge over four years ago. *See Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). The appropriate standard of review for a challenge to the sufficiency of the evidence is the *Jackson v. Virginia* standard. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011) (the reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt). By asking this Court to only review the factual sufficiency of the evidence, Sanders concedes the evidence is sufficient under the *Jackson* standard of review. Sanders' first issue is overruled.

In his second issue, Sanders asserts the trial court erred in admitting parts of

C.T.'s outcry statement that Sanders alleges exceeded the scope of the State's pre-trial notice summary provided to Sanders pursuant to Article 38.072 of the Texas Code of Criminal Procedure. Article 38.072 provides an exception to the hearsay rule for certain offenses if a statement describing the alleged offense is made by a child to the first person 18 years of age or older and, on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement.

TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(1), (2), (3) and (b) (West 2005). The provisions of the statute are mandatory and must be complied with in order for an outcry statement to be admissible over a hearsay objection. *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990).

Sanders does not contest that the State timely provided a notice or that Nancy was a proper outcry witness. His complaint is that Nancy was allowed to testify as to additional statements by C.T. that were not included in the State's summary and were, therefore, hearsay. The summary provided by the State included the following statements by C.T. as relayed by Nancy: 1) C.T. had been by the pond; 2) Sanders came out to C.T.; 3) C.T. went walking back to the house; 4) Sanders followed her; 5) when

they arrived at a dump truck, Sanders stopped C.T. and forced her into the dump truck; 6) Sanders held C.T. down, took off C.T.'s shorts, covered C.T.'s mouth, and forced C.T. to have sex with him. The additional statements by C.T. to which Nancy testified were that C.T. had tried to run away because Sanders said something[1] to C.T. that gave C.T. chills and that C.T. only went about two feet before being caught.

A trial court does not err in admitting hearsay statements not contained in the outcry notice summary if those statements describe "the circumstances leading up to the outcry statement and its details." *Gottlich v. State*, 822 S.W.2d 734, 737 (Tex. App.—Fort Worth 1992, pet. ref'd), *disapproved of on other grounds by Curry v. State*, 861 S.W.2d 479 (Tex. App.—Fort Worth 1993, pet. ref'd) (no error in admitting statement that victim did not want to go swimming with defendant or that described length of time of abuse). Nancy's testimony of C.T.'s statements not included in the summary do not describe any act of abuse in particular; instead, they are contextual statements that describe the circumstances surrounding the charged conduct. Accordingly, we conclude the objected-to statements describe "the circumstances leading up to the outcry statement and its details," and therefore, the trial court did not err by admitting Nancy's testimony as to those statements. *See Gottlich*, 822 S.W.2d at 737. *See also Campos v. State*, Nos. 01-13-00415-CR, 01-13-00416-CR, 01-13-00417-CR, 2015 Tex. App. LEXIS 230, 33 (Tex. App.—Houston [1st Dist.] Jan. 13, 2015, no pet.) (not designated for publication)

---

[1] At this juncture in the record, it is not known what Sanders said to C.T.

(statement about location of assault was contextual which described circumstances surrounding charged conduct); *Lackland v. State*, No. 06-99-00070-CR, 2000 Tex. App. LEXIS 2409, 2-3 (Tex. App.—Texarkana Apr. 13, 2000, no pet.) (not designated for publication) (no error when summary did not include location of assault or that witness also talked to victim's older sister; such statements are events surrounding the outcry).

Near the end of this issue, Sanders adds an additional argument that the State failed to comply with Article 38.072, Section 2(b)(3) by not offering any evidence or making any assertion at the hearing assessing the reliability of the outcry statements that C.T. would testify at the trial or be available to testify at the trial. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(3) (West 2005). The provision does not require such evidence or assertion at the hearing. *Id.* (b)(2). Furthermore, the record indicates that C.T. did testify and that Sanders was provided notice of C.T.'s intent to testify prior to trial.

Sanders' second issue is overruled.

In his third, fourth and fifth issues, Sanders contends the trial court erred in denying Sanders' motions for mistrial after two separate State's witnesses testified that Sanders had warrants out for his arrest and a third State's witness testified that Sanders had a criminal history.

A trial court's denial of a motion for mistrial is reviewed under an abuse of discretion standard. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003); *Wood*

*v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). A prompt instruction to disregard will ordinarily cure any prejudice associated with improper testimony regarding extraneous offenses. *See Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). *Accord Marshall v. State*, 210 S.W.3d 618, 628-629 (Tex. Crim. App. 2006). The trial court is required to grant a motion for a mistrial only when the improper testimony is "clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000).

This was a five day trial. Three days were dedicated to testimony on guilt/innocence. Sixteen different witnesses testified over the course of the three days. Some testified more than once. On the first day of testimony, the State's second and third witnesses mentioned Sanders had warrants. On the second day of testimony, the State's second witness mentioned Sanders had a criminal history. Each of the responses by the witness were not prompted by the State's questions; they were non-responsive answers to questions not designed to elicit the responses given. The objectionable testimony was brief and immediately cut off by an objection by Sanders. The trial court promptly instructed the jury to disregard each response given.

Sanders mentions in his brief that at least one juror did not adhere to the trial court's instruction to disregard. In his motion for new trial, he attached an affidavit from Juror Mona Grant who stated that at least one juror said during deliberations that

Sanders was going to prison anyway because of the warrants. Grant did not name this juror. Further, there is no indication in the record that the motion for new trial was ever presented to the trial court and no hearing was ever set or held to adduce facts not in the record and to expand upon Juror Grant's affidavit. Thus, based on the record as presented, there is nothing to indicate the trial court's instruction did not cure any prejudice associated with the witnesses' non-responsive answers. *See Colburn v. State,* 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) (presumption that jury followed instruction is rebuttable, but appellant did not file a motion for new trial alleging juror misconduct or obtain a hearing to adduce facts not in the record.)

Sanders' third, fourth, and fifth issues are overruled.

Having overruled each of Sanders' issues on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed May 7, 2015
Do not publish
[CRPM]

